UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Michael Lamont Knott, Sr.,

        Defendant.

Case No.: 20-20096
Honorable Robert H. Cleland

---

**Stipulated Preliminary Order of Forfeiture**

---

Plaintiff, by and through its undersigned attorney, together with the Defendant, Michael Lamont Knott, Sr., by and through his attorney, Marshall Goldberg, (collectively, the Parties), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry. The Parties stipulate and agree to the following:

Plaintiff, the United States of America (United States), filed an Indictment on or about February 19, 2020, which charged Defendant Michael Lamont Knott, Sr. (Defendant) in Count One with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(ii); and in Count Two with Felon in Possession of a

Firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, PageID.1-2).

The Indictment contains a Forfeiture Allegation. The Forfeiture Allegation provides notice that, upon conviction of the violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(ii) set forth in the Indictment, the Defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including $79,118.00 in U.S. Currency seized on June 20, 2018, with Asset ID 18-ATF-022833.

On or about September 1, 2020, Defendant entered into a Rule 11 Plea Agreement (Rule 11) in which he agreed to enter a plea of guilty to Counts One and Two of the Indictment, which charges him with possession with intent to distribute cocaine, and felon in possession of a firearm in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(B)(ii) and 18 U.S.C. § 922(g)(1). (ECF No. 15, PageID.53). In his Rule 11 in regard to forfeiture, Defendant agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853 with 28 U.S.C. § 2461(c), any property constituting or

derived from any proceeds obtained, directly or indirectly, as a result of his violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, his violations, including, but not limited to $79,118.00 in U.S. Currency seized on June 20, 2018, with Asset ID 18-ATF-022833. (hereinafter, the "Subject Currency").

Defendant agreed to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following Defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agreed that the forfeiture order shall become final as to Defendant at the time entered by the Court.

Defendant waived his right to have a jury determine the forfeitability of the Subject Currency, as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant waived the requirements of Fed.R.Crim.P. 32.2(a) and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledged that he understands that the forfeiture of assets may be part of his sentence in this case, and waived his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture pursuant to Fed.R.Crim.P. 11(b)(l)(J).

Defendant further agreed to hold the United States, the federal and local agents working on this matter, their agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the Subject Property.

In entering into his Rule 11 with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waived any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Based on the Rule 11, this Stipulation, and other information in the record, and pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1. Any and all interest of Defendant in:

    $79,118.00 in U.S. Currency seized on June 20, 2018, with

Asset ID 18-ATF-022833

(hereinafter, the "Subject Currency"), **IS HEREBY FORFEITED** to the United States for disposition in accordance with law, and any right, title or interest of Defendant Michael Lamont Knott, Sr., and any right, title or interest that his heirs, successors, or assigns have or may have in said property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Upon entry of this Stipulated Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third-party rights, including giving notice of this Order.

3. Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, [www.forfeiture.gov](www.forfeiture.gov), for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the Subject Currency, other than Defendant Michael Lamont

Knott, Sr., may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Currency. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Currency, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

5. Pursuant to Fed.R.Crim.P. 32.2, this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture at the

time Defendant Michael Lamont Knott, Sr. is sentenced, and shall be made part of the sentence and included in the Judgment.

5. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

Agreed as to form and substance:

SAIMA S. MOHSIN
Acting United States Attorney

*s/Paul A. Kuebler*
PAUL A. KUEBLER
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9641
Email: paul.kuebler@usdoj.gov
(NY 4268561)

Dated: July 13, 2021

*s/Marshall Goldberg (with consent)*
MARSHALL GOLDBERG
Attorney for Michael Lamont Knott, Sr.
615 Griswold St Ste 1120
Detroit, MI 48226-3998
(313) 962-4090
megoldberg2003@yahoo.com
(P35788)

Dated: July 13, 2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: July 14, 2021

   s/Robert H. Cleland
Hon. Robert H. Cleland
United States District Judge